UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

IN RE SEPTEMBER 11 LITIGATION      :

                           :

                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21 MC 101 (AKH)
08 CV 3701 (AKH)

**JURY TRIAL DEMANDED**

### ANSWER OF DEFENDANTS AMERICAN AIRLINES, INC. AND AMR CORPORATION TO THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, WTC RETAIL LLC, AND THE PORT AUTHORITY TRANS-HUDSON CORPORATION'S COMPLAINT AGAINST CERTAIN DEFENDANTS IN PLAINTIFFS' FLIGHT 175 COMPLAINT

Defendants American Airlines, Inc. ("American") and AMR Corporation ("AMR"), by and through their attorneys, Condon & Forsyth LLP and Debevoise & Plimpton LLP, answer the Complaint of Plaintiffs The Port Authority of New York and New Jersey, WTC Retail LLC, and The Port Authority Trans-Hudson Corporation's (collectively, "The Port Authority Plaintiffs") as follows:

### PRELIMINARY STATEMENT

1.     American and AMR object to the Port Authority Plaintiffs' Complaint to the extent it does not solely recast its cross-claims as direct claims as mandated by the Joint Proposed Order Transferring Cases to 21 MC 101 (AKH) Docket and Closing 21 MC 97 (AKH) dated March 18, 2008. To the contrary, the Port Authority Plaintiffs' Complaint adds at least three (3) claims against American and AMR that were not present in the Cross-Claims by the Port Authority Against Certain Defendants in Plaintiffs' Amended Flight 175 Master Liability Complaint.

## THE PARTIES

### PLAINTIFFS

2.      American and AMR deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 2, 3, and 4 of the Complaint.

### DEFENDANTS

3.      American and AMR deny all allegations in paragraph 5, except American and AMR admit that they are organized under the laws of the state of Delaware, that they maintain their principal places of business in Texas, and that AMR is the parent corporation of American.

4.      The allegations in paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

### JURISDICTION AND VENUE

5.      American and AMR deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 16 and 17, except American and AMR do not dispute that Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," creates original and exclusive jurisdiction in the United States District Court for the Southern District of New York for all actions brought for claims resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.  American and AMR leave all questions of law to be decided by the Court.

2

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

6.      Answering paragraph 18, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 5 of this Answer with the same force and effect as if set forth in full herein.

7.      American and AMR deny the allegations set forth in paragraphs 19, 20, 22, 23, 24, 25, and 26, except American and AMR admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate commercial flights out of Logan International Airport and that American had a duty to conduct its operations in accordance with federal aviation laws and regulations.  American and AMR do not dispute that property was damaged as a result of the deliberate acts of terrorists, who seized control of United Flight 175 and intentionally crashed it into Two World Trade Center. American and AMR leave all questions of law to be decided by the Court.

8.      The allegations in paragraph 21 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

## CLAIM TWO FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING
## AND THE SECURITY COMPANY DEFENDANTS

9.      Answering paragraph 27, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 8 of this Answer with the same force and effect as if set forth in full herein.

10.     American and AMR deny the allegations set forth in paragraphs 28, 29, 30, 31, and 32, except American and AMR admit that American was authorized by the United

3

States Department of Transportation and the Federal Aviation Administration to operate commercial flights out of Logan International Airport and that American had a duty to conduct its operations at Logan International Airport in accordance with federal aviation laws and regulations. American and AMR do not dispute that property damage occurred as a result of the deliberate acts of terrorists who seized control of United Flight 175 and intentionally crashed it into Two World Trade Center. American and AMR leave all questions of law to be decided by the Court.

### CLAIM THREE BASED ON *RES IPSA LOQUITUR* AGAINST ALL DEFENDANTS EXCEPT BOEING

11.     Answering paragraph 33, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 10 of this Answer with the same force and effect as if set forth in full herein.

12.     American and AMR deny the allegations set forth in paragraphs 34, 35, and 36. AMR and American leave all questions of law to be decided by the Court.

### CLAIM FOUR BASED ON STRICT LIABILITY AGAINST BOEING, UNITED, AND UAL

13.     Answering paragraph 37, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 12 of this Answer with the same force and effect as if set forth in full herein.

14.     The allegations in paragraphs 38, 39, 40, 41, and 42 are not directed to American and AMR; therefore, American and AMR make no response to them. To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

4

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR
## MANUFACTURE AGAINST BOEING, UNITED, AND UAL

15.    Answering paragraph 43, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 14 of this Answer with the same force and effect as if set forth in full herein.

16.    The allegations in paragraphs 44, 45, 46, 47, and 48 are not directed to American and AMR; therefore, American and AMR make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against American or AMR, they are denied.

## CLAIM FOR CONTRIBUTION
## AGAINST ALL DEFENDANTS

17.    Answering paragraph 49, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 16 of this Answer with the same force and effect as if set forth in full herein.

18.    American and AMR deny the allegations set forth in paragraph 50. American and AMR leave all questions of law to be decided by the Court.

## CLAIM FOR INDEMNIFICATION
## AGAINST ALL DEFENDANTS

19.    Answering paragraph 51, American and AMR repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 18 of this Answer with the same force and effect as if set forth in full herein.

20.    American and AMR deny the allegations set forth in paragraphs 52, 53, and 54.  American and AMR leave all questions of law to be decided by the Court.

5

**FIRST AFFIRMATIVE DEFENSE**

21.    The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

22.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.

23.    To the extent the Port Authority Plaintiffs assert causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

**THIRD AFFIRMATIVE DEFENSE**

24.    The Port Authority Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of American or AMR; therefore, American and AMR cannot be held liable for the Port Authority Plaintiffs' alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

25.    The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security, and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training, and in-flight security procedures which the Port Authority Plaintiffs' allege that American and AMR violated.

6

26.    American's and AMR's compliance with these federal standards preclude a finding of liability against them.

## FIFTH AFFIRMATIVE DEFENSE

27.    Any of the Port Authority Plaintiffs' claims that relate to rates, routes, and services provided by American or AMR are expressly preempted by 49 U.S.C. §41713.

## SIXTH AFFIRMATIVE DEFENSE

28.    The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than American and AMR and for whom American and AMR are not responsible; therefore, American and AMR are not liable to the Port Authority Plaintiffs, or, in the alternative, American's and AMR's liability to the Port Authority Plaintiffs, if any, should be reduced in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

29.    The Port Authority Plaintiffs lack capacity and/or standing to maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

30.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of American or AMR, their agents, or employees.

## NINTH AFFIRMATIVE DEFENSE

31.    American and AMR are not liable to the Port Authority Plaintiffs because American and AMR complied with all applicable government regulations in effect at the time of the events described in the Port Authority Plaintiffs' Complaint.

NYOFFICE 678369v.1

## TENTH AFFIRMATIVE DEFENSE

32.     The Port Authority Plaintiffs' claims based on common law or statutory

law of the individual States requiring air carriers to implement security procedures that are

different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958

(Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now

recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations

promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety

And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and

Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

33.     The Port Authority Plaintiffs' claims based on common law or statutory

law of the individual States requiring air carriers to implement security procedures that are

different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958

(Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now

recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations

promulgated pursuant thereto are barred because compliance with those state laws would

constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

34.     Pursuant to Public Law 107-42, "The Air Transportation Safety And

System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation

Security Act," recovery by the Port Authority Plaintiffs, if any, should be reduced by any

collateral source payment that has been or will be paid to the Port Authority Plaintiffs in

8

accordance with Section 4545(c) of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

35.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," American's and AMR's liability, if any, must be limited in accordance with the provisions of Article 16 of the New York Civil Practice Law and Rules or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FOURTEENTH AFFIRMATIVE DEFENSE

36.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if the Port Authority Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the Port Authority Plaintiffs' damages, the amount recoverable against American and AMR must be reduced in accordance with Section 15-108 of New York's General Obligations Law or in accordance with such similar or counterpart principles as may be derived by this Court from New York law.

## FIFTEENTH AFFIRMATIVE DEFENSE

37.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if personal injury or wrongful death Plaintiffs have filed claims with the "September 11th Victims Compensation Fund of 2001," personal injury and wrongful death Plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001; and the Port Authority Plaintiffs are

9

barred from recovering any or all of the damages that the Port Authority Plaintiffs paid to personal injury or wrongful death Plaintiffs who were barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

## SIXTEENTH AFFIRMATIVE DEFENSE

38.    Because American or AMR were not in actual possession or control of the aircraft at the time of the crash, American's and AMR's liability is limited pursuant to 49 U.S.C.A. § 44112 (2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

39.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of damages recoverable from American and AMR to American's liability insurance coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

40.    The Complaint and all causes of action therein should be dismissed on the ground that the Port Authority Plaintiffs have failed to join all necessary and indispensable parties.

## NINETEENTH AFFIRMATIVE DEFENSE

41.    The Complaint should be dismissed for insufficiency of service of process.

## TWENTIETH AFFIRMATIVE DEFENSE

42.    The Complaint is barred by the applicable statute of limitations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

43.    American and AMR owed no legal duty to the Port Authority Plaintiffs.

10

## TWENTY-SECOND AFFIRMATIVE DEFENSE

44.    To the extent the Port Authority Plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

45.    The Port Authority Plaintiffs' alleged damages were caused by an act of war.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

46.    The Port Authority Plaintiffs' claims are barred by the state secrets doctrine.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

47.    The Port Authority Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by American and AMR to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

48.    The Port Authority Plaintiffs are barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

49.    The Port Authority Plaintiffs are barred from recovery of alleged damages to the extent that the Port Authority Plaintiffs have failed to mitigate their losses.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

50.    The Port Authority Plaintiffs are barred from recovery in respect of

NYOFFICE 678369v.1

alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke, or water, to the extent the allegedly damaged property or improvements were not adjacent to property or improvements struck by aircraft on September 11, 2001.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

51.    To the extent the Port Authority Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of state law, American and AMR cannot be held liable for the Port Authority Plaintiffs' alleged damages.

### THIRTIETH AFFIRMATIVE DEFENSE

52.    The aviation security measures that are the subject of this action were federally mandated and a part of a federal response to terrorist attacks on our nation. American's and AMR's implementation of the federally mandated aviation security measures assisted the federal government in a police and/or national defense function. As such, American and AMR are immune from suit and are not liable for the claims in the Port Authority Plaintiffs' Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

53.    The Port Authority Plaintiffs are property owners and/or business owners who had no relationship with American and AMR, were in a far superior position than were American and AMR to guard against loss to the Port Authority Plaintiffs' particular property and businesses through use of insurance, and to whom, as a matter of sound public policy, American and AMR owed no duty under the applicable law.

12

## THIRTY-SECOND AFFIRMATIVE DEFENSE

54.    The Port Authority Plaintiffs are barred from recovery of damages based upon measures of damages inapplicable in and inappropriate to this action, willfully and/or carelessly exaggerated, and/or duplicative.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

55.    The Port Authority Plaintiffs are barred from recovery of alleged damages in excess of the lesser of: (a) the cost of restoring the alleged damaged or destroyed property to its original condition; or (b) the diminution in market value caused by American's and AMR's alleged negligence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

56.    American and AMR hereby allege and incorporate each and every affirmative defense set forth in American and AMR's Master Answer to Plaintiffs' Sixth Amended Flight 175 Master Liability Complaint with the same force and effect as if set forth in full herein.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

57.    American and AMR reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

WHEREFORE, American and AMR demand judgment dismissing the Port Authority Plaintiffs' Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements and such other and further relief

13

which this Court deems just and proper under the circumstances.

Dated:   May 19, 2008

CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
Telephone:  (212) 490-9100
Facsimile:  (212)370-4483
dbarry@condonlaw.com

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212)909-6000
Fax: (212)909-6836

Attorneys for Defendants
AMERICAN AIRLINES, INC. and
AMR CORPORATION

By_____
Desmond T. Barry, Jr. (DB 8066)

TO:    Keith E. Harris, Esq.
       THE OFFICE OF MILTON H. PACTHER, ESQ.
       225 Park Avenue South
       New York, New York  10003
       Tel: (212)435-3437

       Attorneys for Plaintiffs
       PORT AUTHORITY OF NEW YORK AND NEW JERSEY
       WTC RETAIL LLC
       PORT AUTHORITY TRANS-HUDSON CORPORATION

       PERSONAL INJURY/WRONGFUL DEATH PLAINTIFFS' LIAISON COUNSEL
       PROPERTY DAMAGE/BUSINESS LOSS PLAINTIFFS' LIAISON COUNSEL
       GROUND DEFENDANTS' LIAISON COUNSEL
       WTC 7 GROUND DEFENDANTS' LIAISON COUNSEL
       AVIATION DEFENDANTS
       U.S. ATTORNEY'S OFFICE